MARY A. FLANAGAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 11, 1913. — January 9, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* Street railway.

The starting of a street railway box car with a jolt so violent that a woman passenger, who was in the act of stepping from the car platform into the body of the car and had a firm grasp on the side of the door or the doorway with her right hand, was thrown backward with such force that her head struck against the dasher and the contents of her coat pockets were thrown out on the platform of the car, is evidence of negligence on the part of the motorman operating the car.

The giving by the conductor of a street railway box car of a signal to start the car, when a woman passenger, seventy-eight years of age in good health and good physical and mental condition, was in the act of stepping from the rear platform into the body of the car and had a firm grasp on the side of the door or the doorway with her right hand, is no evidence of negligence on the part of the conductor of the car.

TORT for personal injuries sustained on December 29, 1911, when the plaintiff was seventy-eight years of age, from being thrown

---

backward against the dasher of a box car of the defendant, as she was in the act of stepping into the body of the car from its platform, by the sudden starting of the car with a heavy jolt due to the alleged negligence of the defendant's servants. Writ dated February 12, 1912.

In the Superior Court the case was tried before *Raymond,* J. At the close of the evidence, the substance of which is described in the opinion, the defendant asked the judge to order a verdict for it, and also to make six rulings, of which the third and fourth were as follows:

"3. The conductor was not negligent in starting the car when he did.

"4. I direct you as a matter of law that there is no evidence of negligence in this case on the part of the conductor of the car."

The judge refused to order a verdict for the defendant or to make the rulings requested, and submitted the case to the jury with other instructions. The jury returned a verdict for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

*C. Brewer,* for the defendant.

*J. M. Graham,* for the plaintiff.

De Courcy, J. There was evidence of physical effects upon the plaintiff from which the jury could infer negligence on the part of the motorman in the way he started the car. According to the plaintiff's testimony her right foot was securely on the platform and she had a firm grasp on the side of the door " or the doorway " with her right hand, when the car started with an unusually heavy jolt which broke her hold and threw her backward with such force that her head struck against the dasher and the contents of her coat pockets were thrown out on the platform of the car. *Work* v. *Boston Elevated Railway,* 207 Mass. 447. *McCarthy* v. *Boston Elevated Railway,* 207 Mass. 551. *Young* v. *Boston & Northern Street Railway,* 213 Mass. 267.

Under our decisions, however, the conductor was not negligent in starting the car when he did. The plaintiff not only was fully and fairly on the car, but she had a firm hold on the door. *Weeks* v. *Boston Elevated Railway,* 190 Mass. 563. *Sauvan* v. *Citizens' Electric Street Railway,* 197 Mass. 176. *Tupper* v. *Boston Elevated Railway,* 204 Mass. 151. Her advanced age was not accompanied

with any physical or mental feebleness so far as the record discloses. She testified that at the time of the accident she was perfectly well, and (to quote her own words) "in as good health as anybody at my age was, capable of doing and getting up every morning at half past five o'clock." *Martin* v. *Boston Elevated Railway, post,* 361.*

The case presented is not that of a passenger laboring under a disability which indicates that she is deficient in capacity for self-help, such as the condition of one who is feeble, blind, lame or encumbered. In cases of that character, when the passenger is injured by the usual starting of the car, it is ordinarily for the jury, under proper instructions, to decide whether the conductor was negligent in failing to give him or her a reasonable opportunity to reach a place or position of safety before putting the car in motion. *Gordon* v. *West End Street Railway,* 175 Mass. 181. *Hamilton* v. *Boston & Northern Street Railway,* 193 Mass. 324.

On the evidence the defendant was entitled to have its third and fourth requests given; and the entry must be

*Exceptions sustained.*

---

* The case cited was decided on the same day as the case here reported, but, because it was argued one week later, the rule as to the order of reporting cases required that it should be printed as the seventh case after this one.