MARY MARTIN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.   November 18, 1913. — January 9, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* Street railway.

It is no evidence of negligence on the part of the conductor of a street railway box car that he gave the signal to start the car when a woman sixty-five years of age in normal physical condition, who had boarded the car as a passenger, was on the floor of the rear vestibule of the car and was about to enter the body of the car, the floor of which was "one step higher" than the floor of the vestibule.

TORT for personal injuries sustained on February 28, 1912, at about noon, when the plaintiff had boarded as a passenger a street railway box car of the defendant at the Church Street stopping place of the defendant in Boston, and alleged to have been caused by negligence of the servants of the defendant in starting the car suddenly before the plaintiff had had time to enter the body of the car from its rear vestibule. Writ dated August 12, 1912.

In the Superior Court the case was tried before *Fox,* J. At the close of the plaintiff's evidence, which is described in the opinion, the defendant asked the judge to order a verdict for it "on the ground that the testimony disclosed no negligence of the defendant or its servants or agents." The judge refused to do this, "and submitted the case to the jury under instructions which were to the effect that it was for the jury to say whether or not the defendant's servants or agents in charge of the car were negligent. The defendant conceded that the plaintiff was a passenger and in the exercise of due care." "The plaintiff was sixty-five years old at the time of the accident and testified in her own behalf at the trial. She testified that before the accident she was well and not suffering from any illness or disability."

The jury returned a verdict for the plaintiff in the sum of $900; and the defendant alleged exceptions.

*F. W. Fosdick,* for the defendant.

*H. H. Winslow,* (*H. J. Winslow* with him,) for the plaintiff.

DE COURCY, J. The only question in controversy is whether the trial judge should have ruled as matter of law that the conductor was not negligent as to the time of starting the car, instead of leaving that issue to the jury as a question of fact.

These are the facts. At about noon on February 28, 1912, a car of the defendant, bound from the Park Street subway to Arlington Heights, came to a stop at Church Street to discharge and receive passengers. The plaintiff's married daughter and the latter's little boy boarded the rear vestibule and entered the car. The plaintiff followed as far as the vestibule, with a suit case, but was delayed from getting into the body of the car by an intervening woman passenger. Leaving her suit case in the vestibule, the plaintiff started to enter the car, — the floor of which was "one step higher than the floor of the rear platform," but before

she had time to enter the doorway or to get hold of anything the car started suddenly, and she fell back into the rear part of the vestibule. On the rear platform at the time were two bundles described as "Italian's Packs," the plaintiff's suit case, and that of Mrs. Gay which the conductor had placed there, but it does not appear that these in any way contributed to the accident.

It is settled law in this Commonwealth that under ordinary circumstances it is not negligence for a conductor to give the starting signal after the passenger is fully and fairly on the car. *Sauvan* v. *Citizens' Electric Street Railway,* 197 Mass. 176. In reaching that conclusion the court recognized not only the imperative demand by the public for rapid transportation, but the fact known from experience, that ordinarily it is not necessary for the safety of a passenger in normal physical condition that the car should be delayed until he is seated. The testimony of the plaintiff here shows that at the time of the accident she was well and not suffering from any illness or disability. The only ground on which it is sought to distinguish the case at bar from the Sauvan case is that this plaintiff was sixty-five years old. Whether the duty of exercising special care was imposed upon the conductor is dependent however not on the mere fact of her advanced age, but on the existence of apparent physical impairment on the part of the passenger, such as would make the ordinary starting of the car dangerous for her. Feebleness does not necessarily accompany the age of sixty-five years, and here we are not left to inference in order to determine what was the plaintiff's condition. It seems clear from her own testimony and from the evidence as to her movements that the case comes within the rule as established by our decisions. *Flanagan* v. *Boston Elevated Railway,* ante, 337.*

The court should have directed a verdict as requested; and under St. 1909, c. 236, judgment must be entered for the defendant.

*So ordered.*

---

* The cases of Flanagan and Martin were decided on the same day, but the Flanagan case came first in the order of reporting because it was argued one week earlier.