MARGARET O'LOUGHLIN *vs.* BAY STATE STREET RAILWAY
COMPANY.

Middlesex.    March 15, 1915. — May 19, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway.  *Carrier,* Of passengers.

Although under ordinary circumstances it is negligence on the part of a conductor of an open street railway car for him to give the signal to start it when a passenger attempting to board the car has one foot on the running board and is not yet fairly on the car, yet these facts are not conclusive, and, where at the trial of an action by an alleged passenger for injuries thus caused there also is evidence that the conductor had stopped the car because directly ahead the highway was crossed at grade by a steam railroad, that the conductor got off the car and went forward for the purpose of signalling to the motorman when it was safe to cross the track, that he saw no one either boarding or leaving the car or on the running board, and that he gave the signal to the motorman to go ahead, that the motorman before starting the car looked behind him and saw no one on the running board or attempting to get on the car and thereupon started the car in the ordinary and usual way, a jury is warranted in finding that there was no negligence on the part of the servants of the street railway company.

A street railway company is not liable for injuries sustained by a person who was attempting to get upon one of its cars as a passenger at the time the car was started when such a passenger was not expected and the conductor and the motorman of the car did not see the person attempting to get on the car and had no reason to expect to see such a person.

CARROLL, J.  The plaintiff asserts that she was injured at a point on East Merrimack Street in Lowell, about twenty-five feet westerly from a spur track of the Boston and Maine Railroad which crosses the highway at grade, while attempting to board an open car belonging to the defendant, by reason of the car starting forward with an unusual jerk while she had "one foot on the running board and was about to place the other on the floor of the car." Her evidence tended to show that she gave a signal to the conductor to stop, while she was standing at a regular stopping place, that the conductor gave the signal, the car stopped, that he jumped from the car and ran by her across the spur track, that while the car was at a standstill she took hold of the handlebars and before she was fairly on the car, "two bells

rung," the car started and she was thrown forward and injured. The defendant contended that the car stopped because of the railroad crossing, that the conductor got off the car and went ahead for the purpose of signalling the motorman when it was safe to cross the track, that he saw no one either boarding or leaving the car or on the running board, that he then gave the signal to the motorman to go ahead and that the motorman before starting the car looked behind and saw no one on the running board or attempting to get on the car or to board it, and thereupon started the car in the ordinary and usual way. The jury returned a verdict for the defendant.

The plaintiff now relies upon requests numbered three and four, which requested the judge * to rule in substance: first, that it was negligence to give the starting signal until the plaintiff was in a position where it was safe to start the car; and second, that if she had her left foot on the running board and her right foot in the air, she was not in a position where it was safe to start the car. The judge told the jury that the plaintiff in boarding the car had the rights of a passenger; that under ordinary circumstances it was negligence to start a car when a person was in the act of boarding it, and that, independent of any jerk or jolt to stop or start a car when a person is getting in or out, was evidence of negligence. This was a correct statement of the law. It is, under ordinary circumstances, evidence of negligence to start a car before a passenger is fairly on a car, but it is not conclusive. It is a question of fact and depends on all the circumstances of the case and the judge could not say as requested by the plaintiff, that because she was on the running board, the defendant was as matter of law negligent in starting the car. This was a question of fact and was properly submitted to the jury with accurate and proper instructions. *Gardner* v. *Boston Elevated Railway,* 204 Mass. 213. *Benoit* v. *Boston & Northern Street Railway,* 216 Mass. 320.

The plaintiff also excepted to that part of the charge wherein the jury were instructed that the negligence of the defendant in starting the car depends upon whether its servants knew or ought to have known that the plaintiff was in the act of getting on the car. There is nothing in this exception. A carrier of

---

* *Sanderson,* J.

passengers is not held to the high degree of care required of it for the safety of its passengers, unless it knows what the intending passenger is doing, or under all the circumstances should have known, and this is a question of fact. A carrier is not liable when a passenger attempts to get on a car where he is not expected, or where the agents of the carrier did not see him, or were not to be expected to see him. And in this case the contention of the defendant was that the car stopped for the sole purpose of seeing whether it was safe to cross the track, that no one was seen to get on or off and no one was seen on the running board, and that when the car started no one was in the act of getting on the car. These questions were all for the jury and there was no error in the instruction. *Vine* v. *Berkshire Street Railway*, 212 Mass. 580. The judge in his charge referred to the case of *Sauvan* v. *Citizens' Electric Street Railway*, 197 Mass. 176, as cited in *Martin* v. *Boston Elevated Railway*, 216 Mass. 361, 363, and the plaintiff excepts to what was said as a comment by the judge. What the judge said was not a comment, but was in fact the exact language of the court in *Martin* v. *Boston Elevated Railway*, 216 Mass. 361, 363.*

*Exceptions overruled.*

The case was submitted on briefs.

*J. J. Hogan & W. A. Hogan*, for the plaintiff.

*J. M. O'Donoghue*, for the defendant.

---

* The passage excepted to as a comment in the judge's charge was as follows: "The testimony of the plaintiff in this very case from which I am quoting shows that at the time of the accident she was well and not suffering from any illness or disability." These words occur in the opinion in *Martin* v. *Boston Elevated Railway*, 216 Mass. 361, 363, except that the word "here" is used instead of the words "in this very case from which I am quoting."