Rescript Opinions.

AGNES F. LUCA *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHOR-ITY. March 6, 1975. The plaintiff seeks recovery for injuries resulting from a fall suffered while a passenger upon one of the defendant's trolley cars. The trial judge properly allowed the defendant's motion for a directed verdict under leave reserved, as there was no evidence to the effect that the sudden stop was not necessitated by some traffic emergency. *Timms* v. *Old Colony St. Ry.* 183 Mass. 193, 194 (1903). *Cuddyer* v. *Boston Elev. Ry.* 314 Mass. 680, 682-685 (1943). *Aronson* v. *Metropolitan Transit Authy.* 340 Mass. 272, 274-275 (1960). *Berger* v. *Massachusetts Bay Transp. Authy.* 355 Mass. 695, 697 (1969). We are not at liberty, as the plaintiff urges, to depart from the principle of those cases. See *Burke* v. *Toothaker,* 1 Mass. App. Ct. 234, 239 (1973). The plaintiff advances an alternative theory of liability that a common carrier owes a special duty of care to a passenger who is disabled and whose disability is visible and obvious. The plaintiff argues that the defendant committed a breach of such duty of care by failing to give the plaintiff a reasonable opportunity to reach a position of safety before putting the car in motion, citing dicta in *Flanagan* v. *Boston Elev. Ry.* 216 Mass. 337 (1914), and *Martin* v. *Boston Elev. Ry.* 216 Mass. 361 (1914). The imposition of such a special duty of care, if it exists, would be dependent "not on the mere fact of . . . [the plaintiff's] advanced age, but on the existence of apparent physical impairment on the part of the passenger, such as would make the ordinary start of the car dangerous for her." *Martin* v. *Boston Elev. Ry.,* *supra,* at 363. The disability would have to be such that the plaintiff "is deficient in capacity for self-help, such as the condition of one who is feeble, blind, lame, or incumbered." *Flanagan* v. *Boston Elev. Ry.,* *supra,* at 339. Even if the dicta in the *Flanagan* and *Martin* cases are the law of this jurisdiction, the evidence concerning the plaintiff's weight, age, and use of a cane did not warrant a conclusion that it was visible and obvious to the operator that the plaintiff was so disabled and impaired as to require special care. There is no evidence that the plaintiff walked with a limp or was feeble or restricted in her movements.

*Exceptions overruled.*

*Harvey M. Forman* for the plaintiff.

*James G. Fay & Robert H. Flynn,* for the defendant, submitted a brief.