CASE No. 1132.

STATE v. CLYBURN.

1. By reason of the non-attendance of one juror and the excusing of three others, only thirty-two jurors were present when two prisoners charged with murder were put upon their trial. To this the defendants made no objection, although apprised of the fact before the drawing commenced, and a jury was empaneled without exhausting their peremptory challenges. *Held,* that they could not afterwards object to the alleged deficiency of jurors.

2. It is not necessary that thirty-six jurors should be present in court. The statute fixes that number as a *maximum,* not as a *minimum.* *State* v. *Stephens,* 13 *S. C.* 285.

3. After the State had announced that it had closed its testimony, and a witness for the defense had been called and sworn, the trial judge permitted the solicitor to recall a witness to prove a single fact. *Held,* that in this there was no error—the time when testimony may be introduced must be left to the discretion of the presiding judge.

---

Before Cothran, J., Kershaw, September, 1881.

Indictment against James Clyburn and Ella Sheorn for murder. When put upon their trial, defendants were informed that only thirty-two jurors were present, one juror not having been sworn and three having been excused by the presiding judge. Other facts are stated in the opinion. From the sentence of the court, Clyburn appealed.

*Messrs. J. D. Kennedy* and *T. H. Clarke,* for appellant.

*Mr. Solicitor Bonham,* contra.

January 10th, 1882. The opinion of the court was delivered by

McIver, A. J. The appellant and one Ella Sheorn were jointly indicted for murder and the jury rendered a verdict of guilty as to the appellant and not guilty as to Ella Sheorn. From the judgment rendered on this verdict an appeal has been taken by the defendant Clyburn upon two grounds:

1. " Because his Honor the presiding judge erred in permitting the jury which tried the defendant to be empaneled from a list of thirty-two jurors instead of thirty-six jurors, which he was entitled to have, and which the law requires.

2. " Because his Honor the presiding judge erred in permitting the State, after it had closed its testimony, and the first witness for the defense had been sworn, and was on the stand, to recall and examine one of its witnesses, Dr. A. A. Moore."

It appears from the report of the Circuit judge that, before the empaneling of the jury was commenced, the counsel for the defense were apprised of the deficiency in the number of the jurors, and that no motion or request that the panel should be

filled up was made, and that, notwithstanding the fact that the prisoners were entitled to forty peremptory challenges, a jury was obtained from the number present without exhausting the right of peremptory challenge, and this, of itself, would be a sufficient answer to the objection taken by the first ground of appeal, even if it were otherwise well founded. *State* v. *Price,* 10 *Rich.* 356 ; *State* v. *McQuaige,* 5 *S. C.* 429.

We do not, however, think that there is any foundation for the position taken in the first ground of appeal : that the law requires that there should be thirty-six jurors. The Act (*Gen. Stat.,* Ch. CXI., Section 18, p. 522,) does not require that there must be that number of jurors present. On the contrary it simply declares that : " *No more* than thirty-six persons to serve as petit jurors shall be drawn and summoned to attend at one and the same time at any court, unless the court shall otherwise order." So, too, the act of December 24th, 1878, (16 *Stat.* 802,) entitled " An Act to regulate the number of jurors who shall be in attendance on the courts of Common Pleas and General Sessions," does not require that any particular number should be in attendance. It provides that the number of petit jurors actually in attendance at the court at any one time *shall not exceed* thirty-six, except where jurors are drawn and summoned to fill up deficiencies occasioned by challenges in a case, in which event it is provided that those so drawn shall serve only until the verdict is rendered in such case. It is manifest, therefore, that these acts prescribe a *maximum* and not a *minimum,* and hence the prisoners did not have a right to have the panel filled up to the number of thirty-six, and for this the case of *State* v. *Stephens,* 13 *S. C.* 285, is express authority.

The facts out of which the second ground of appeal arises are as follows : After the solicitor had announced that he had closed the case for the State, and the first witness for the defense had been sworn and placed upon the stand, but before any question had been propounded to her, the solicitor asked permission to recall Dr. Moore, a witness who had been previously examined, for the purpose of proving a single fact which he had omitted to prove. The court granted permission to re-examine the witness, and this is assigned as error in the second ground of appeal.

The conduct of a case in the Circuit Court, so far as relates to the time when testimony may be introduced, must be left to the discretion of the Circuit judge, to be governed by the particular circumstances of each case. *Matthews* v. *Heyward*, 2 *S. C.* 247. Indeed the courts of this State have gone so far as to hold that a Circuit judge may, in his discretion, permit a plaintiff to introduce other evidence even after a motion for a non-suit has been made and argued. *Browning* v. *Huff*, 2 *Bailey* 179 ; *Poole* v. *Mitchell*, 1 *Hill* 404 ; and these cases have been recognized and followed by this court in the recent case of *Kairson* v. *Puckhaber*, 14 *S. C.* 627. So in *Colclough* v. *Rhodus*, 2 *Rich.* 78, it was held that a Circuit judge might, in his discretion, permit a witness to return to the stand and testify after the case had been submitted to the jury and they had been addressed by counsel. It is true that these were civil cases, but the rules of evidence, with certain exceptions not applicable here, are the same in both civil and criminal cases. 1 *Greenl. Evid.* 65 ; *State* v. *Rawls*, 2 *N. & McC.* 331.

In the case now under consideration there is not the slightest reason for supposing that there was any abuse of his discretion on the part of the Circuit judge, and, therefore, it is quite clear that the second ground of appeal cannot be sustained.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

Simpson, C. J., and McGowan, A. J., concurred.