8158

BUNCH v. CHARLESTON AND WESTERN CAROLINA RY. CO.

1. EVIDENCE—CROSS-EXAMINATION—REPLY.—The trial Court did not hold that cross-examination should be confined to the subjects touched upon in the examination in chief.    Whether cross-examination is in reply is a matter of law.

Where the plaintiff alleges a physical hurt is the cause of an injury, and the defendant alleges the trouble is mental, on cross-examination of an expert witness put up in reply by plaintiff defendant should be permitted to cross-examine him as to the effect of the disease of hysteria on the body.

Mr. Chief Justice Gary *dissents on the ground that the scope of cross-examination is entirely within the discretion of the trial Judge.*

2. Master and Servant—Appliances.—The issue of failure .to inspect an appliance may be submitted to the jury on inferences drawn from other evidence, without any affirmative evidence of failure to inspect.

3. Carrier—Passenger.—Negligence of the carrier is presumed from injury on a passenger train to the passenger by an instrumentality or agency of the carrier.

4. Damages—Suffering.—Charge complained of as having been on the facts, *held* to be a hypothetical statement of the right to recover, and if this right is found to exist the plaintiff is entitled to recover for past suffering and such as she may endure in the future, if her injury is permanent.

5. On a passenger train the carrier is held to the highest degree of care for the safety of the *passengers* in transportation.

6. Remarks by Counsel—Waiver.—Failure to call the attention of the Court to objectionable remarks by counsel in argument and to except on failure of Court to suppress is a waiver of the right to object afterwards.

Before Watts, J., Spartanburg, May term, 1911. Reversed.

Action by Mrs. M. T. Bunch, and her husband, George A. Bunch, against Charleston and Western Carolina Railway Company. Defendant appeals.

*Messrs. Nichols & Nichols, Bomar & Osborne* and *F. Barron Grier,* for appellant. *Mr. Grier* cites: *As to cross-examination:* 2 Wig. 1367; 1 Rich. 127; 16 S. C. 550; 25 S. C. 322; 43 S. C. 98; 53 S. C. 249. *Issue on which there is no evidence should not be sent to the jury:* 29 S. C. 152; 35 S. C. 381; 5 Rich. 17; 9 Rich. 89; 62 S. C. 136; 112 Am. St. R. 938. ◆ *Remarks of counsel play an important part in a trial:* 93 N. E. 310; 86 S. C. 370; 63 S. C. 312.

*Messrs. John Gary Evans* and *C. C. Wyche,* contra. *Mr. Evans* cites: *Cross-examination is under control of trial*

*Court:* 81 S. W. 923; 69 S. C. 162; 60 S. C. 70; 52 S. C. 377; 35 S. C. 549; 43 S. C. 100; 79 S. C. 83.

March 26, 1912. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an action for damages for pesonal injuries. The plaintiff, Mrs. Bunch, purchased a ticket and paid for the same, from Augusta, Georgia, to Clark's Hill, South Carolina. Plaintiff entered the car as a passenger and took her seat. She wanted the window raised and says that the porter raised it for her. Very soon after the train started, the sash came down and caught her arm. The plaintiff claims that her arm is seriously injured, and that she has lost the use of the arm, and claims five thousand dollars damages.

. The defendant denies all the allegations of the complaint, except the incorporation of the defendant, that its lines extended from Augusta, Ga., to Clark's Hill, S. C.; that the plaintiff bought and paid for her ticket and was a passenger on said train. The defendant plead contributory negligence and asked that the complaint be dismissed with costs.

The judgment and verdict was for two thousand dollars.

The errors alleged cover (1) denial of the right to cross-examination. (2) Charge of the Judge. (3) Remarks of counsel.

Appellant has consolidated his exceptions, and we will adopt his consolidation.

1. Cross-Examination.—We cannot adopt one view of appellant, that the Judge ruled that the cross-examination is confined to the subject covered by the examination in chief. The rule is too well settled to the contrary, for this Court to so construe his Honor's ruling unless the ruling admitted of no other construction.

The plaintiff was introducing evidence in reply to the evidence of the defendant, so that the question was—"Is the testimony in reply to the evidence of the defendant?"

While it is true that the scope of the cross-examination is largely in the discretion of the trial Judge, still, when the question is as to the relevancy of the evidence, or whether it is in reply or no, it becomes a matter of law upon which this Court ought to pass. The plaintiff had alleged that the trouble was physical. The defendant answered in evidence, the trouble is mental. The defendant then undertook to prove something about hysteria, which might involve mental trouble and was directly in the line of the reply.

In this view this exception is sustained.

2. The appellant's second grouping is as follows: "(a) In charging the jury that they could consider certain allegations of the complaint, although not supported by testimony." It would be well nigh impossible to prove by direct evidence that there had been no inspection, as a matter of fact. The law does not require direct proof of those things which can rarely be proved. There was testimony that almost immediately after leaving the terminal in Augusta, the latch was discovered to be in a broken condition. Was the latch defective? Was it defective in Augusta? Would an inspection have disclosed the defect? These were questions for the jury. If the jury concluded that the defect existed and an inspection would have lead to the discovery of the defect, then the jury might conclude that no inspection was made. His Honor could not take this question from the jury.

There was no error in this and this specification is overruled.

(b) That injury to a passenger, through any instrumentality or agency of the company, in law presumes that the company is careless and negligent.

In *Steele* v. *Railway*, 55 S. C. 392, 33 S. E. 509, this Court says: "By all the authorities proof of injury under such circumstances would raise a presumption of negligence: (That is, where a passenger was injured through any instrumentality of the railroad company) casting upon

the carrier the burden of explaining that the accident happened from a cause for which it is not responsible, or that it was not due to its negligence."

There is no error here, and this specification is overruled.

(c) Charging on the facts, in violation of the Constitution.

In considering this specification, reference is made to defendant-appellant's third request to charge, which was as follows:

"In estimating damages, you take into consideration any physical injury and mental anguish and things of that sort, and inasmuch as the suit is brought to recover actual damages she is not only entitled to recover for past suffering, injury and pain, but also, if she is permanently disabled, any suffering which she may have in the future."

This was merely a statement as to what actual damages included and was not a charge on the facts, particularly when the oft-repeated statement was made: "Now, if she was guilty of carelessness and negligence herself, and that carelessness and negligence on her part in any manner contributed toward the direct and proximate cause of her injury, then she would not be entitled to recover any damages at all."

There is no violation of the constitutional prohibition here.

(d) Instructing the jury that the law imposed on the railroad company the very highest degree of care to see that its passengers were transported in safety.

In the case of *Steele* v. *Southern Railway Company, supra,* this Court says: "Whatever the mode of conveyance, whether by passenger, mixed or freight train, a carrier is liable for any negligence, resulting in injury to the passenger, and in that sense the law requires the highest degree of care in all cases, but in applying this rule the jury should take notice of the particular mode of conveyance."

. This was a passenger train, and the statement was not too strong. .

3. This assignment of error refers to the remarks of counsel in addressing the jury.

The record does not show that the attention of the Court was called to the objectionable remarks at the time.

6 . Where counsel wishes to object to remarks which he deems improper, he must object at the time. .Failure to object at the time is a waiver.

. *Crompton* v. U. S. 138, U. S. 361. "It is the duty of defendant's counsel at once to call the attention of the Court to the objectionable remarks and request its interposition, and in case of refusal, to note an exception."

This seems to be the general rule. The record does not show that any objection was made during the argument, and it is too late to do so afterwards.

This specification of error is overruled.

The judgment of this Court is, that the judgment of the Circuit Court be .reversed for the reason herein stated, and the cause remanded to the Circuit Court for a new trial.

. MR. JUSTICE WOODS *concurs.*

MR. JUSTICE HYDRICK *concurs in the result.*

MR. JUSTICE WATTS *disqualified.*

MR. CHIEF JUSTICE GARY *dissents.* I dissent from the opinion of Mr. Justice Fraser, in so far as it sustains the first exception.

As we construe his ruling in sustaining this exception, it is based, upon the proposition, that the right of the defendant, to cross-examine the witness in reply, was not dependent upon the discretion of his Honor, the presiding Judge. The presiding Judge did not deny the defendant, the right to cross-examination generally, but only ruled that the testi-

mony, which the defendant's attorney proposed to elicit from the witness, was not in reply. If the presiding Judge had refused the defendant, the right to cross-examine the witness generally, this would have been error; but the limit to which the cross-examination may be conducted, is to be determined by the presiding Judge, in the exercise of a sound discretion. The rule is thus stated in 8 Enc. of Pl. & Pr. 109-110: "The opportunity of examining the opposing party's witness, is a matter of right, but the latitude allowed in cross-examination, is very largely within the discretion of the trial Court, and an appellate Court will not interfere, unless that discretion is oppressively abused."

In 8 Enc. of Pl. & Pr. 131, under the head of "rebuttal and surrebuttal," it is said: "The ordinary course of proceeding requires, that the party who holds the affirmative of the issue shall introduce all the evidence in support of his case, before he rests. The other party should then introduce the evidence, upon which he relies, after which the party who opened, may introduce evidence in rebuttal of the case, made by the opposing party."

In the same volume, on pages 133 and 134, under the head of "evidence in surrebuttal," it is also said: "The case at first made out by the plaintiff, should apprise the defendant, of the ground upon which the cause of action, is finally to rest. Accordingly, if the plaintiff in reply, puts new matter in evidence, or makes a new case, different from that at first made out, it becomes the right of the defendant, to call witnesses in surrebuttal. And it is within the discretion of the Court; to permit the introduction of evidence in surrebuttal, where the plaintiff in reply has not transgressed the proper bounds of evidence in rebuttal, though in that case, the privilege can not be claimed, as a matter of right."

The record discloses the fact that the plaintiff in reply, did not "transgress the proper bounds of evidence in rebuttal," nor was such an objection interposed by the appellant's

attorney.    Therefore, even under the principle just stated, the right of the defendant, in the present case, to introduce evidence in surrebuttal depended upon the discretion of the presiding Judge.    The Court, however, decided in the case of the *State* v. *Summer,* 55 S. C. 32, that even when the plaintiff in reply puts new matter in evidence, the right of the defendant, to introduce evidence in surrebuttal, was addressed to the discretion of the presiding Judge.

In the case just mentioned, Mr. Justice (afterwards Chief Justice) Pope, wrote the opinion of the Court, in which he announced the proposition, that the defendant had the right to introduce evidence in surrebuttal, when the plaintiff in the reply, puts new matter in evidence, and relied upon the doctrine announced in 8 Enc. of Pl. and Pr. 133-4, which we have just quoted.    Mr. Chief Justice McIver took issue with him on this proposition, and quoted the following language from *State* v. *Clyburn,* 16 S. C. 375 : "The conduct of a case in the Circuit Court, so far as it relates to the time when testimony may be introduced, must be left to the discretion of the Circuit Judge, to be governed by the particular circumstances of each case."

The two other members of the Court concurred in the opinion of Mr. Chief Justice McIver.

It was not necessary for the presiding Judge, in sustaining the objection interposed by the plaintiff's attorney to state that he was exercising his discretionary powers.

In the case of *State* v. *Summer,* 55 S. C. 32, 32 S. E. 771, Mr. Justice Pope was of the opinion, that the Circuit Judge erred, "especially as his exclusion of the testimony was not based upon the exercise by him of discretion, but on the contrary, the exclusion seemed to be made by the Circuit Judge, upon the absence of power in him to admit it;" but this view did not prevail with the majority of the Court.

Having reached the conclusion that the right of the defendant, to cross-examine the witness rested upon the dis-

cretionary powers of the presiding Judge, it is only necessary to refer to the record, to show that his discretion was not erroneously exercised.

For these reasons I think the judgment should be affirmed.