## 10803

### LEE v. TOWN OF EAU CLAIRE

(110 S. E. 69)

NEW TRIAL—ARGUMENT CONCERNING ASSUMED INFIRMITY OF PLAINTIFF'S DAUGHTER HELD NOT GROUND.—Where plaintiff's daughter, on whose absence defendant's counsel commented, was blind in one eye, but was referred to by plaintiff as "afflicted," which all counsel assumed to refer to her mental condition, it was not cause for a new trial that plaintiff's counsel in his argument, without objection, drew a pathetic picture of her supposed infirmity, which moved plaintiff to tears.

Before WHALEY, J., County Court, Richland, April, 1921. Affirmed.

Action by Gracie Lee and Willie Lee, her husband, against the Town of Eau Claire. Judgment for plaintiff and defendant appeals.

*Messrs. Moffatt & Marion* and *D. W. Robinson,* for appellant, cite: *Case similar to* 104 S. C. 230; *Comments of counsel unsupported by the evidence, are reversible error:* 2 R. C. L. 15, 420; 100 Atl. 529; L. R. A. 1918D, 11-12; 46 L. R. A. 668-9; 2 R. C. L. 440-1; 77 S. C. 409; 92 S. C.

260; 42 S. E. 443 (N. C.); Note L. R. A. 1918D, 7-8, 50-1; 104 L. R. A. 1916D, 1122; 122 Am. St. Rep. 823, 93 S. W. 726. *Honest mistake of counsel is no excuse*: L. R. A. 1918D, 104. *Failure to put up witness is proper matter for comment*: 104 S. C. 16.

*Messrs. DePass & DePass* and *Alfred Wallace, Jr.*, for respondent, cite: *Comments not reversible error where no prejudice results*: 38 Cyc. 1497. *Matter of discretion for trial Judge*: 26 S. C. 118. *New matter not admissible as after discovered evidence*: 100 S. C. 294; 96 S. C. 380; 85 S. C. 189. *Objection should have been made at the time*: 38 Cyc. 1507; 68 S. C. 242; 98 S. C. 121.

December 19, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from a judgment of $600 damages in favor of the plaintiff, on account of the defective condition of a street, resulting in the plaintiff's fall and consequent personal injury.

The defendant's prayer for a reversal of the judgment is based solely upon certain remarks made by counsel for the plaintiff in his address to the jury, alleged to have been prejudicial to the defendant.

It appears that the daughter of the plaintiff was with her when her injury was received. The defendant's counsel, in his address to the jury, commented upon the absence of this witness. The plaintiff in her testimony had stated that her daughter was "afflicted"; that she was not on that account able to attend Court, and that she (the plaintiff) had begged for her to be excused. The plaintiff's counsel assumed that, in the not uncommon interpretation of the word "afflicted," the term applied to her mental condition, and in his argument to the jury referred to the daughter as an idiot, and drew a pathetic picture of her infirmity, which moved the

plaintiff to tears.  The defendant's counsel seems to have placed the same interpretation upon the term, as he made no objection to the argument of plaintiff's counsel at the time. After the verdict was rendered  the  defendant's  counsel learned for the first time that the daughter was simply blind in one eye, and was mentally acute; evidently all sides having been misled by the characterization of the daughter's condition by the plaintiff.   He thereupon moved for a new trial, upon the ground that the mistaken conclusions of counsel for the plaintiff had so visibly affected the plaintiff's emotions as to seriously prejudice the defendant with the jury.

The Trial Judge refused the motion, and in his disposition of it we concur.

The judgment of this Court is that the judgment appealed from be affirmed.