## DERRICK v. COLUMBIA RAILWAY, GAS & ELECTRIC CO.

(137 S. E., 682)

1. CARRIERS—STREET RAILROAD WITH RESPECT TO DUTY TO ITS PASSENGERS IS HELD TO HIGHEST DEGREE OF CARE.—Street railroad as a common carrier is held to the highest degree of care with respect to its duty to its passengers, to the same extent as other common carriers of passengers on passenger cars.

2. CARRIERS—COMPLAINT IN ACTION AGAINST STREET RAILROAD FOR INJURIES TO PASSENGER HELD TO SUFFICIENTLY ALLEGE THAT INJURIES RESULTED FROM ACT OF CARRIER'S SERVANTS.—Complaint in action against street railroad for injuries to passenger when tripping on piece of molding or board in aisle *held* to sufficiently allege that injuries complained of occurred as result of act of omission or commission of servants of carrier by reason of allegation that defendant was negligent in failing to provide a safe and suitable conveyance.

3. CARRIERS—WHETHER STREET RAILROAD EXERCISED DEGREE OF CARE REQUIRED AS TO PASSENGERS HELD FOR JURY.—In action against street railroad for injuries to passenger, alleged to have resulted when tripping over molding or board in aisle, whether defendant exercised by way of inspection of car or otherwise degree of care required of it or provided safe and suitable conveyance *held* for jury.

Before WHALEY, J., Richland, January, 1926.   Affirmed.

Action by Mrs. Lucy Derrick against the Columbia Railway, Gas & Electric Company.   Judgment for plaintiff, and defendant appeals.

Derrick v. Cola. Ry., Gas & Electric Co.    201

200]                    Spring Term, 1927

*Messrs. Elliott & McLain,* for appellant, cite: *Duty of common carrier in relation to passenger; "highest degree of care":* 65 S. C., 440; 82 S. C., 345; 91 S. C., 139; 132 S. C., 321. *Failure to exercise same infers negligence:* 132 S. C., 321. *Circumstances alter cases in application of rule:* 84 S. C., 67; 55 S. C., 389; 65 S. C., 440; 61 N. Y. S., 1113; 30 Miss., 196. *Presumption of negligence on proof that passenger injured as result of agency or instrumentality of carrier:* 55 S. C., 389; 58 S. C., 494; 62 S. C., 139; 65 S. C., 447; 77 S. C., 436; 82 S. C., 345. *Where complaint alleges specific acts of negligence, plaintiff restricted to proof of such acts:* 33 S. C., 198; 45 S. C., 278; 57 S. C., 433; 82 S. C., 345.

*Messrs. Roger M. Heyward,* and *Cooper & Winter,* for respondents, cite: *Presumption of negligence on proof that passenger injured as result of agency or instrumentality of carriers:* 110 S. E., 112; 82 S. C., 345; 67 S. E., 243; 74 S. E., 365. *Facts and circumstances may infer negligence:* 132 S. C., 321.

April 12, 1927.

The opinion of the Court was delivered by Mr. Justice Stabler.

This is an action brought by the plaintiff for damages for personal injuries alleged to have been received by her through the negligent and willful acts of the defendant. The plaintiff alleged, in part, that while a passenger on the street car of the defendant, and while attempting to get off the said car, she was tripped and violently thrown to the floor by a piece of molding or board or some other part of the car that had been left loose across the aisle by the defendant, and was thereby painfully injured. The allegations of the third paragraph of the complaint are as follows:

"3. That plaintiff's said injuries, as aforesaid, were due, caused, and occasioned by and followed as a direct and

proximate result of the carelessness, recklessness, willfulness, wantonness, and negligence of the defendants, its agents and servants, in the following particulars, to wit:

"(a) In failing to provide a safe and suitable conveyance for plaintiff to ride in, when she was a paid passenger on said street car.

"(b) In allowing a piece of said car to become loosened from the door, or some other part of the car, when they knew or should have known that the same was dangerous and liable to trip and injure passengers in their attempt to alight from the car.

"(c) In allowing said cars to be in a unsafe and bad condition of repair, so as to make the same unsafe to carry passenges, to whom they owed the highest degree of care for their safety.

"(d) In allowing a piece of the defective car to remain in a dangerous and unsafe place, when they knew that the same was liable to injure some one, and in not warning plaintiff of the unsafe condition of the floor, and that the piece of molding was loose, so that the plaintiff may have possibly protected herself against injury."

The testimony for plaintiff tended to show that on the afternoon of the 13th day of May, 1925, she boarded one of defendant's street cars in the City of Columbia as a paid passenger thereon; that while she was attempting, upon her arrival at the Columbia Hospital, to pass from her seat out of the car, her foot was caught by the end of a piece of board or molding, protruding from under one of the seats, over which she tripped and fell, suffering serious injuries thereby. The plaintiff testified that she did not see the board or molding until she had fallen over it, and that when the motorman came to her assistance he told her that it was a piece of molding and put it back under the seat of the car.

The defendant admitted that the plaintiff was a passenger on one of its cars at the time of the accident, but inter-

posed a general denial as to all the other allegations of the complaint.

The Court granted the defendant's motion for a non-suit as to punitive damages, but submitted to the jury the question of defendant's negligence and 'its liability as to actual damages.

From a judgment in favor of the plaintiff, the defendant appeals. The appeal raises but a single question: Did the trial Judge err in not granting the defendant's motion for a nonsuit, on the ground that there was no proof of actionable negligence?

As a common carrier, the defendant, with respect to its duty to its passengers, is held to the highest degree of care. *Caldwell v. Pullman Co.*, 132 S. C., 321; 128 S. E., 504. *Forbes v. Pullman Co.*, 137 S. C., 433; 135 S. E., 563. Counsel for the appellant contends that this rule should not impose as strict a duty upon street car companies as upon sleeping car companies or railroad companies, adverting to the case of *Steele v. Railway Company*, 55 S. C., 389; 33 S. E., 509; 74 Am. St. Rep., 756, in which this Court said that "in applying this rule the jury should take notice of the particular mode of conveyance."

The *Steele case*, however, does not support the appellant's contention, since in that case the injured person was riding, not on a passenger train, but on a freight train, and the Court said: "To require of freight trains all the safeguards against danger which is required of a passenger train, might render the operation of freight trains impracticable in many localities." In the present case the injured person was riding in a car used exclusively for carrying passengers, and no good reason appears why the appellant should not be held to the same strictness of duty under the rule as other common carriers of passengers on passenger cars. Nor do the acts of negligence complained of in this case appear to have any connection with the particular mode of conveyance.

It is true, as contended by the appellant, that usually only two employees of the company are used in the operation of a street car, the motorman at the front and the conductor at the rear; that—in which respect street cars differ from railroad trains—the distance between stops is short and passengers are getting on and off at frequent intervals. These circumstances, however, do not in any manner change or lessen the strict duty imposed by the rule upon the defendant. But even if it should be conceded that these peculiarities of street car operation might possibly have some bearing upon the defendant's duty to its passengers, it might be added, *contra*, that a street car is much smaller than a railroad car or Pullman coach, that its entire interior may be seen at a glance, and that, on account of its size, it may be easily and quickly inspected.

The appellant admits that:

"According to the rule in this State, a presumption of negligence arises against the carrier on proof that a passenger on its train was injured, as the result of some agency or instrumentality of the carrier, some act of omission or commission of the servants of the carrier or some defect in the instrumentalities of transportation." *Sutton v. Railway Company,* 82 S. C., 345; 64 S. E., 401.

It contends. however, that in the present case: (1) There is no evidence that the injuries complained of occurred as a result of any agency or instrumentality of the carrier or that the molding or board over which the respondent fell was a part of the street car; and (2) in effect, there is no allegation that the injuries complained of occurred as a result of any act of omission or commission of the servants of the carrier. We agree with the first but not the second contention.

In support of its second contention, the appellant urges that Subdivision (a), paragraph 3 of the complaint is a general allegation of negligence, and that Subdivisions (b), (c), and (d) only make specific the general allegation con-

tained in Subdivision (a); and that, this being true, the plaintiff is confined in her proof to the specific allegations of (b), (c), and (d). The respondent contends that Subdivision (a) is itself specific of the general allegations of negligence and recklessness on the part of the defendant.

The complaint first alleges facts as to the injuries received by the plaintiff and the manner in which such injuries were inflicted, and charges generally that such injuries were due to and caused by the negligent and reckless acts of the defendant; it then undertakes to state specifically in what particulars the defendant was negligent and reckless. Subdivision (a) of paragraph 3 alleges that the defendant was negligent in failing to provide a safe and suitable conveyance for the plaintiff. We think that, giving to this subdivision a reasonable and fair construction, it may be taken, as contended for by the respondent, as specific of the general allegations of negligence and recklessness. This being true, the testimony adduced and admitted on the trial of the case raised a presumption of negligence on the part of the defendant, as specifically alleged in Subdivision (a). From the testimony, the jury might infer that the defendant did not exercise, by way of inspection of its car or otherwise, that degree of care required of it for providing a safe and suitable conveyance for the plaintiff. See *Bunch v. Railway Co.,* 91 S. C., 139; 74 S. E., 363.

We see no error in the refusal of the trial Judge to order a nonsuit, and the judgment of Richland County Court is affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN and CARTER concur.

MR. ACTING ASSOCIATE JUSTICE WHITING disqualified.