·12211

JACKSON v. ENOLA GINNING COMPANY

(138 S. E., 289)

1. TRIAL—COUNSEL'S ARGUMENT IN TORT ACTION, REFERRING TO ACCI-
DENT INSURANCE CARRIED BY HIM, HELD NOT ERRONEOUS AS TOUCH-
ING ON SUBJECT OF DEFENDANT'S LIABILITY INSURANCE.—Argument
of plaintiff's counsel during trial of tort action relative to plaintiff's
necessity of making living with his hands, and stating that, if he
should lose one of his hands he would get pay for it because he
·carried accident insurance, *held* not erroneous as touching on sub-
ject of liability insurance carried by defendant, since it was merely
an endeavor to point out to jury the fact that one who makes
living by manual labor has more need of his hands than others
depending on certain professions for livelihood.

2. TRIAL—OPPOSING COUNSEL HAS DUTY OF CALLING COURT'S ATTEN-
TION TO IMPROPER ARGUMENT.—If counsel in argument uses im-
proper language, or advances improper argument, opposing counsel
has duty of immediately calling attention of Court thereto and
asking for ruling on matter.

Before FEATHERSTONE, J., Spartanburg, January, 1926.
Affirmed.

Action by R. C. Jackson against the Enola Ginning Com-
pany. Judgment for ·plaintiff, and defendant appeals. Af-
firmed.

*Mesrs. Brown & Boyd,* for appellant, cite: *Mere refer-
ence to liability insurance in argument without support in
testimony is a proper basis for setting aside a verdict:* 92 S.
C., 236; 120 S. C., 285; 125 S. C., 442; 128 S. C., 165; 131
S. C., 159; Id., 222; 69 Atl., 55; 84 S. E., 617; 266 Fed.,
287; 116 S. E., 715; 65 N. E., 494; 90 S. W., 623; 101
Ill. App.,·664; 38 N. E., 922; 84 S. W., 1100; 80 Pac., 894.

*Messrs. Nicholls, Wyche & Byrnes,* for respondent.

May 26, 1927.

The opinion of the Court was delivered by MR. JUSTICE
BLEASE.

In the trial of a tort action in the Court of Common Pleas
for Spartanburg County before Hon. C. C. Featherstone,

Circuit Judge, the plaintiff respondent recovered against the defendant appellant a verdict of $2,000.

In the appeal to this Court, there is but one exception. In the course of his argument to the jury, Mr. Nicholls, one of the attorneys for the plaintiff, used this language:

"How much has this man been damaged by having one of his hands cut off, for that is about what it amounts to? If you would cut off one of my hands, you would not stop me from making a living or interfere materially with my making a living, but it is different with him. He makes his living with his hands. I make mine with my brain. If you should cut off one of my hands I would get pay for it; the insurance company would pay me, because I carry accident insurance. How much are you going to give this man for the loss of these three fingers from his hand?"

There was no objection on the part of the defendant at the time to the language used by the counsel for the plaintiff.

The matter was brought to the attention of the trial Judge some days after the trial by motion on the part of the defendant for a new trial. Judge Featherstone refused this motion.

The appellant contends that a new trial should have been granted because of the argument of plaintiff's attorney. It is insisted that the argument advanced by the counsel had respect to accident insurance, and that the same was within the prohibition of the law against inserting into the trial of tort cases and into the jury's consideration the matter of liability or casualty insurance. The cases of *Horsford v. Glass Co.,* 92 S. C., 236; 75 S. E., 533, *Burgess v. Germany-Roy-Brown Co.,* 120 S. C., 285; 113 S. E., 118, *Duke v. Parker,* 125 S. C., 442; 118 S. E., 802, *Brown v. Walker Lumber Co.,* 128 S. C., 161; 122 S. E., 670, *Hill v. Southern R. Co.,* 131 S. C., 159; 126 S. E., 642, and *Aldridge v. Watts Mill,* 131 S. C., 222; 127 S. E., 215, are relied upon by appellant's attorneys as authority for their position.

In the *Horsford case,* there was some effort on the part of plaintiff's counsel to show by testimony that the defendant carried indemnity insurance. There was also reference to such insurance in the argument of plaintiff's counsel. There was objection to the testimony and to the argument, all made in proper time. On appeal to this Court, it was held that a new trial should be granted because of the conduct of counsel in the matter of calling attention to the jury of the indemnity insurance. The other cases cited by appellant sustain, and we think properly, the principle announced in the Horsford decision.

We do not think, however, any of these cases are controlling here. There was no reference to liability insurance in the testimony in this cause, so far as the record before us shows. There was no objection on the part of counsel for the appellant to the argument of counsel for plaintiff, as there was in the *Horsford case.*

Again, we do not see that it can be held that the language of the counsel for the plaintiff in the case at bar touched upon the subject of liability insurance carried by the defendant. Reference to the language complained of will show, it seems to us, that plaintiff's counsel was endeavoring to point out to the jury the fact that one who makes his living by manual labor has more need of his hands than others who depend upon certain professions for their livelihood—a proper argument.

The Court takes this occasion to say that counsel should confine themselves to proper matter in argument, and it is best to stay absolutely within the record at all times. At the same time, in fairness to all parties, if counsel in argument uses improper language, or advances improper argument, the opposing counsel should immediately call the attention of the Court thereto and ask for a ruling on the matter. We think this holding is sustained by many cases, including *Bunch v. Charleston & W. C. R. Co.,* 91 S. C., 138; 74 S. E., 363, *Spigner v. Seaboard Air Line Ry.,*

111 S. C., 405; 98 S. E., 330, and *Lee v. Eau Claire,* 118 S. C., 24; 110 S. E., 69.

The judgment of this Court is that the appeal be dismissed, and the judgment of the lower Court be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTH-COTHRAN, STABLER and CARTER concur.