14167

PRICE v. AMERICAN AGRICULTURAL CHEMICAL CO. *ET AL.*

(182 S. E., 637)

*Messers. Herbert & Dial,* for appellants,

Messrs. *John Hughes Cooper, A. F. Spigner and Edwin H. Cooper,* for respondent,

November 11, 1935.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

· On or about September 16, 1929, Harry B. Price, a young man, was killed while working in the chemical plant of the defendant company at Cayce, S. C. At the time, he was employed as a helper and had worked there for a number of years. His duties were "walking the chambers," taking down the readings of the temperature of the thermometers, and watching the acid tanks, to see that they did not get too full and run over. He also started and stopped the pumps, which were operated by an electric motor, and took care of certain machinery, in the doing of which he was required to make minor repairs and to keep the machinery oiled and in working order. He was charged with

dressing the belts with a liquid, which brought him into close contact with the machinery, especially the belts. It was his duty alone to look after the switch—the starting and stopping of the machinery in his charge; and when the tanks were getting too full of acid to put in motion the pumps by throwing the switch. It was alleged by the plaintiff that the chamber walker, when resting, and the machinery was not running, might sit on the belt.

The defendant Truesdale, the superintendent of that department of the company's plant, claimed that he went there on the afternoon of the day in question and found that the chamber walker had not started the pumps as he should have done and that as a result the acid tanks on the upper floor were about to run over and drench the plant with sulphuric acid; that he called Price but got no answer, and then pulled the switch; that he heard the guard rail make a little noise, and he stopped the pumps and went over to examine the rail, and saw the body of Price on the floor by the belt, with one foot across it. There was testimony to the effect that the skull of the deceased was crushed.

This action was brought by the plaintiff against the defendants for the recovery of damages on account of the alleged wrongful death of Price. It was alleged, among other things, that the defendants were negligent, in that Truesdale, the superintendent, acting within the scope of his authority as the agent and servant of the company, turned on the motor without determining whether or not Price was working on the machine and near the belt, whether or not he was sitting or sleeping on the belt, as Truesdale knew it was customary for the employees to do so; and that he did not give proper and adequate warning in the circumstances, but pulled the switch without any regard for the safety of others. The defendants denied the material allegations of the complaint and pleaded contributory negligence and assumption of risk.

This case has been here before. 173 S. C., 518, 176 S. E., 352, 354. On the former appeal, one of the questions raised was whether the trial Judge was wrong in ruling that statements made by the defendant Truesdale immediately after the accident were not admissible in evidence against the defendant chemical company. This Court held that he was; that the "declarations of Mr. Truesdale were not only admissible as a part of the *res gestæ,* but they should have been allowed for what they were worth as binding on his codefendant." The other question was whether the Court below was in error in granting the motion for a nonsuit on the grounds (a) that the act of Truesdale in starting the machinery, in the circumstances, was the act of a fellow servant; and (b) that there was no evidence of actionable negligence on the part of Truesdale. We held that there was error; that both (a) and (b), under the evidence, were questions for the determination of the jury.

On the new trial of the case, had at the December, 1934, term of the Court of Common Pleas for Richland County, a directed verdict, asked for by the defendants, was refused, and the jury found for the plaintiff $5,000.00 actual damages. From judgment duly entered, this appeal is taken.

The grounds of the motion for a directed verdict were substantially the same as those on which the nonsuit was granted in the former trial. Judge Mann, after pointing out what the Supreme Court had held, under its view of the testimony for the plaintiff, said: "I think that in itself practically forecloses this Court at this time from taking any opposite view, inasmuch as I don't think there is any material variation in the testimony of plaintiff at this particular point, than at the former trial, as I have viewed the testimony and heard it from the witness stand today."

We have examined with care the voluminous testimony contained in the record, but deem a review of it unnecessary. We also have before us the record in the former trial of the case; and as stated by the Circuit

Judge, the testimony for the plaintiff at the last trial, on the question of the actionable negligence of the defendants, was practically the same as that taken with respect to the same issue on the former trial. In short, there was no material variation. It is true that much of what Truesdale said was in conflict with the statements of other witnesses, but this merely made a question for the jury. The refusal to direct a verdict was proper.

At the conclusion of the arguments to the jury, Mr. Herbert, of counsel for the defendants, moved the Court to order a mistrial on the ground that the attorneys for the plaintiff, Mr. John Hughes Cooper and Mr. Spigner, had made certain improper remarks, in the course of their arguments, which were calculated to prejudice the jury in their deliberations and thus bring about a miscarriage of justice. He stated that Mr. Cooper, who first addressed the jury, improperly argued that if they should render a verdict against both of the defendants, that the plaintiff had the right to excuse Mr. Truesdale from paying any of it; and that Mr. Spigner, who spoke to the jury last, improperly said to them that while the company had made Truesdale the goat, it would not make him pay a "stinking cent"; and that even if the verdict were small, defendants would appeal and keep the case in Court until the witnesses died and the plaintiff could no longer get justice.

The trial Judge refused the motion, stating that he could not say that the objectionable remarks made by counsel for the plaintiff, which were substantially as claimed by Mr. Herbert, "would prejudice the jury in their deliberations." After a verdict was returned for the plaintiff, a new trial was asked for on the ground stated in the motion for a mistrial; and on the further ground that the Court committed error in not ordering a mistrial as requested.

At the hearing of the matter, Mr. Cooper submitted a statement, which differed somewhat from that made by Mr. Herbert, as to his recollection of what he said to the

jury and about which complaint was being made. He also claimed that anything that may have been said by him in the opening address was fully answered by counsel for the defendants in the reply argument.

Judge Mann, in disposing of the motion, said:

"The remarks by Mr. Cooper, first to address the jury, attracted my attention and I thought Mr. Herbert would object to them. But having then raised no objection, but having gone on, addressed the jury for the defense, and then having made no objection to the remarks by Mr. Spigner, which I also thought objectionable, I had concluded that he did not wish to have them corrected. Had Mr. Herbert objected to the remarks referred to at the time they were made, I should surely have required that the statements be retracted, proper cautions and admonitions, given, or a mistrial would then have been ordered. However, having failed to enter his objection until all the arguments were in, I did not feel warranted in taking the case from the jury. * * *

"Knowing the general tendency of counsel when addressing a jury under the warmth of argument to say too much and feeling that the jury as a general thing follows the dictates of its own mind, allowing most oratory ( ! ) to pass over its head, I cannot say that I feel that the jury were in measure led astray by the objectionable remarks of counsel.

"So, following the adopted principle of resolving the doubt in favor of the accused, I think I should overrule the motion for a new trial."

Counsel for appellants, while admitting that they did not object to the remarks at the time they were made, contend that the trial Judge, for the reasons stated, committed error in refusing to order a mistrial and to grant the motion for a new trial.

The respondent urges that even if the remarks complained of were slightly improper, they were not of such a character as would justify a reversal of the judgment

by this Court; that counsel for the defendants made no objection to them at the time, but sat by and waited until the arguments were closed before asking that a mistrial be ordered, and that the presiding Judge had a right to assume that counsel did not regard such remarks as being of any consequence.

In *McLane v. Life Insurance Co.*, 154 S. C., 366, 151 S. E., 608, 611, it was said: "It is very difficult, as heretofore repeatedly held by this Court, to draw the line between proper and improper argument. We must leave the control of the arguments of counsel very much to the discretion of the trial Judge, who is on the scene of action and in much better position than we are to judge as to what is improper argument."

In *Crawford v. Rice & Hutchins Baltimore Co.*, 98 S. C., 121, 82 S. E., 273, the holding of the Court is correctly stated in the syllabus: "Misconduct of counsel in argument to the jury is not available for error, unless the Court is asked to rule thereon and to instruct the jury to disregard the same."

As to the time of objection, the general rule in found in 3 C. J., 864: "Except in a flagrant case and where prejudice clearly appears, the rule is that the objection must have been made at the time of the improper argument, remark, or other misconduct, and that it is too late for the purposes of review on appeal if made for the first time on motion for a new trial or otherwise after verdict, or, as a rule, after the jury have announced an agreement, or have retired, or the case has been submitted to them, or even after the close of the argument."

The rule, as laid down in our decisions is to the same effect. In *Jackson v. Enola Ginning Co.*, 139 S. C., 513, 138 S. E., 289, the following appears: "If one counsel in argument uses improper language, or advances improper argument, the opposing counsel should immediately call the attention to the Court thereto and ask for a ruling on

the matter. We think this holding is sustained by many cases."

In *White v. Southern Railway Co.*, 142 S. C., 284, 140 S. E., 560, 567, 57 A. L. R., 634, the Court said: "While improper argument by counsel to the jury will not be condoned or allowed, it is proper and necessary that the Court's attention be called to such argument by timely objection on the part of opposing counsel, and failure to make such objection 'is a waiver of the right to object afterwards.' *Bunch v. Charleston & W. C. Railway Co.*, 91 S. C., 139, 74 S. E., 363; *Spigener v. Seaboard Air Line Railway Co.*, 111 S. C., 405, 98 S. E., 330."

In *State v. Meehan*, 160 S. C., 111, 158 S. E., 151, 157, Mr. Chief Justice Blease, speaking for the Court, uses the following language:

"The proper course to be pursued when counsel, in argument, misquotes testimony, or goes out of the record in the case with improper argument, is for the opposing counsel to immediately object and have a record made of the statements or language complained of, and ask the Court for a distinct ruling thereon. *White v. Southern Railway Co.*, 142 S. C., 284, 140 S. E., 560, 57 A. L. R., 634, and cases there cited.  *  *  *

"One seeking a new trial because of unfair or improper argument on the part of counsel for the successful party should show these things: (1) That timely objection was interposed to the argument; (2) the substance, at least, of the objectionable language; (3) the failure of the Court to sufficiently warn the jury not to consider the improper argument; and (4) that the result was to materially prejudice the right of the losing litigant to obtain a fair and impartial trial. Many cases in our reports, not necessary to be cited, sustain these propositions."

In the case at bar, counsel for the defendants did not comply with the rule. They did not, as we have stated, object to the remarks at the time they were

made, or seek from the Court a ruling thereon. Nor did they ask that the jury be instructed thereabout. They waited until after the close of the argument before moving in the matter. They contend, however, that the trial Judge should have acted on his own motion, as he knew, according to his statement, that the objectionable remarks were being made. It is true that he stated that his attention was attracted by the arguments, but as no objection was made to them, he concluded that counsel did not wish to have anything done about it.

Of course, if this were a "flagrant case and where prejudice clearly appears," it would have been the duty of the trial Judge, although no objection was made as required by the rule, to have taken proper steps for correcting any wrong that may have been done, even to ordering a mistrial, if necessary. But Judge Mann stated, as is seen, that he did not feel justified in ordering a mistrial for the reason that he did not think that the objectionable remarks would prejudice the jury in their deliberations. He also stated on the motion for a new trial that, while he thought the remarks objectionable, he could not feel that the jury in a measure were led astray by them. And this Court cannot say, from an examination of the record, that he was wrong in this, or that he abused his discretion. We will say, however, that if this was such a case as made it an exception to the general rule as to timely objection, we should not hesitate to send it back for a new trial. But we do not think that it may soundly be held that the Circuit Judge, who was on the scene and in much better position than we are to judge of the evil effect, if any, of the arguments complained of, did not exercise, in reaching his conclusions, a wise and just judgment in the circumstances.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.