MARY B. SAUVAN *vs.* CITIZENS' ELECTRIC STREET RAILWAY COMPANY.

ARTHUR V. SAUVAN *vs.* SAME.

Essex.    November 13, 1907. — January 13, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence.    Street Railway.    Carrier.*

It is no evidence of negligence on the part of the conductor of a street car that under circumstances in no way unusual he gave the signal to start the car after a healthy and unincumbered woman passenger had got fully and fairly upon the car and was proceeding to walk to a seat.

TWO ACTIONS OF TORT, the first by Mary B. Sauvan for personal injuries incurred on April 9, 1905, while she was a passenger on a car of the defendant, after she had got upon the car at a regular stopping place when the car was standing still, from the car starting while she was proceeding to her seat, and causing her to fall or be thrown backward against the woodwork inside the car, and the second action by the husband of the plaintiff in the first case for the loss of her services. Writs dated April 26, 1905.

In the Superior Court the cases were tried together before *Wait*, J. At the close of the evidence the judge refused to rule at the request of the defendant that the plaintiff could not recover, and the defendant then asked for sixteen rulings, of which the four that are mentioned in the opinion were as follows:

"4. The defendant company having stopped its car to let the plaintiff on, was bound to keep that car standing until the plain-

tiff had got entirely upon the car, but the defendant company was under no obligation to the plaintiff as a passenger to hold its car standing until the plaintiff had seated herself in the car."

" 7. The conductor was under no obligation to wait until Mrs. Sauvan had become seated before giving the signal to start.

" 8. The conductor was not negligent in starting the car when he did.

" 9. I direct you as a matter of law that there is no evidence of negligence in this case on the part of the conductor of the car."

The judge refused to make any of these rulings, and left the case to the jury with other instructions. The jury returned a verdict for the plaintiff in the first case in the sum of $1,437, and a verdict for the plaintiff in the second case in the sum of $614. The defendant alleged exceptions.

The case was submitted on briefs.

*G. Murchie,* for the defendant.

*J. H. Casey, N. N. Jones & E. Foss,* for the plaintiffs.

LORING, J. By the plaintiffs' evidence Mrs. Sauvan (who will be spoken of hereafter as the plaintiff) had stepped up over the steps into the vestibule and was fairly and fully on the floor of the vestibule of the car before the conductor rang the starting bell. What she complains of is that the starting bell was rung when she had put one foot on the floor of the car, had thrown her weight on to that foot, and was in the act of bringing the other foot up and forward. Her contention is that on this evidence the jury could have found that the conductor, in giving the signal to start the car when he did, did not use the care which is owed by a common carrier to one of its passengers.

If the starting signal was given when the plaintiff contends that it was given, it seems hardly possible that the car could have started before the second foot had reached the car floor, or at any rate it might well be contended that the conductor could not have anticipated such an instantaneous response to his signal. But apart from that, it is settled in this Commonwealth that under ordinary circumstances it is not negligence for a conductor to give the starting signal after the passenger is fully and fairly on the car. *Weeks* v. *Boston Elevated Railway,* 190 Mass. 563.

In the case of *Gordon* v. *West End Street Railway,* 175 Mass.

181, the passenger was in the act of getting on to the car. In *Hamilton* v. *Boston & Northern Street Railway,* 193 Mass. 324, it was not wholly clear that the plaintiff was fully and fairly on the car in the first place : in the second place, the plaintiff was in the act of caring for her two years old child when the starting signal was given ; and in the third place, the car was not to start under ordinary circumstances. It was at the beginning of a curve.

In the case at bar there were no extraordinary circumstances. It is stated in the bill of exceptions that " Mrs. Sauvan looked and was in perfect health at the time of the accident, and was a large, robust woman, weighing about one hundred and seventy pounds." For these reasons, at least four of the rulings asked for (namely, the fourth, seventh, eighth and ninth) should have been given.

No exception was taken to the portion of the charge as to the negligence of the motorman, which the defendant now complains of. The only exception taken by it was to the refusal to give the rulings asked for and to the charge, so far as it was inconsistent with them.

*Exceptions sustained.*