DELIA SAUNDERS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 14, 1913. — January 9, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* Street railway.

It is not evidence of negligence on the part of the conductor of a street railway box car, that he gave the signal to start the car when a healthy robust unmarried woman thirty-seven years of age, who had boarded the car as a passenger, was in the act of stepping from the floor of the vestibule, on which her left foot was planted, into the body of the car and was raising her right foot from the vestibule floor; and, if the conductor placed his hand on her back to prevent her from falling backward, that was no assurance that he would protect her from all injury, including an injury from having her right shoulder and elbow strike the woodwork of the doorway.

The fact that, upon the starting of a street railway car, a woman passenger, in the act of stepping from the vestibule into the body of the car, lost her balance so that her right shoulder and elbow struck the woodwork of the doorway, while other passengers, although some of them were standing, remained undisturbed, is not evidence that the motorman started the car negligently.

TORT for personal injuries sustained on December 7, 1907, when the plaintiff, who is described in the opinion, had boarded as a passenger a street railway box car of the defendant, from the alleged negligence of the servants of the defendant in suddenly starting the car from the stopping place at the junction of Wait Street and Huntington Avenue in Boston. Writ dated July 20, 1908.

In the Superior Court the case was tried before *Fessenden,* J., who at the close of the evidence, which is described in the opinion, ordered a verdict for the defendant. The plaintiff alleged exceptions.

*W. H. Shea,* for the plaintiff.

*F. M. Ives,* for the defendant, was not called upon.

DE COURCY, J. The plaintiff was a robust, healthy unmarried woman, and thirty-seven years old at the time of the accident. She had her left foot on the floor of the body of the car, resting her weight on it, and was in the act of raising her right foot from the vestibule floor when the conductor gave the starting signal. That it was not negligence on his part to start the car when he did is

settled by the similar cases of *Sauvan* v. *Citizens' Electric Street Railway,* 197 Mass. 176, *Flanagan* v. *Boston Elevated Railway, ante,* 337, *Martin* v. *Boston Elevated Railway, post,* 361.* And see *Boston Elevated Railway* v. *Smith,* 94 C. C. A. 84. Clearly the fact that he placed his hand on her back and so prevented her from going backward was no assurance that he would protect her from any and every injury.

And there is no evidence that the motorman started the car negligently. The plaintiff's right shoulder and elbow struck the woodwork of the door; but no other passenger was disturbed, although some were standing. The record discloses nothing more than the movement usually incident to the starting of an electric car. *Work* v. *Boston Elevated Railway,* 207 Mass. 447.

*Exceptions overruled.*

---

* This case was decided on the same day that the cases of Flanagan and Martin were decided.