# CONNOR v. WASHINGTON RAILWAY & ELECTRIC COMPANY.*

STREET RAILROADS; NEGLIGENCE; PLEADING; PASSENGERS.

1. A declaration in an action to recover damages for personal injuries received by the plaintiff while a passenger of the defendant, a street railroad company, is demurrable as not stating actionable negligence on the part of the defendant, which states that while the plaintiff was on the rear platform of the defendant's car, having just boarded the car, and while she was about to fix herself in a reasonably safe position, the defendant allowed the car to be put in motion suddenly without any warning to the plaintiff, whereby she was thrown violently against some part of the structure of the car and injured.

2. It is not the duty of the conductor of a street railway car to give a passenger who has just boarded the car personal notice that he is about to start the car, nor to see that the passenger is seated before giving the signal to start, unless there is something to show a condition entitling the passenger to unusual care and protection. (Citing *Metropolitan R. Co. v. Jones*, 1 App. D. C. 200, and *Anacostia & P. R. Co. v Klein*, 8 App. D. C. 75.)

3. It is not negligence to start a street railway car suddenly, as all starts are made suddenly after the starting bell has been sounded. Passengers understand that the cars start with a more or less sudden movement, and may be said to assume that risk. Unless an injury results from some unusual jerk or swaying of the car due to some act of negligence in its control, there can be no recovery by a pas-

---

* *Carriers—Negligence—Starting Car—Injury to Passenger.* For authorities passing upon the question of negligence in starting a street car before passenger is seated, see notes to *Louisville & N. R. Co. v. Hale*, 42 L.R.A. 294; *Bennett v. Louisville R. Co.* 4 L.R.A.(N.S.) 558; and *Rice v. Puget Sound Traction, Light & P. Co.* L.R.A. 1915A, 797. As to negligence in starting street car with jerk, see notes to *Boston Elev. R. Co. v. Smith*, 23 L.R.A.(N.S.) 891, and *Ottinger v. Detroit United R. Co.* 34 L.R.A.(N.S.) 225; and as to presumption of negligence from sudden start, stop, jolt, or jerk of car, see notes to *McGinn v. New Orleans R. & Light Co.* 13 L.R.A.(N.S.) 611, and *Brown v. Union P. R. Co.* 29 L.R.A.(N.S.) 814.

senger who is injured. (Citing *Capital Traction Co.* v. *Brown,* 29 App. D. C. 475.)

No. 2760. Submitted February 4, 1915. Decided March 9, 1915.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia dismissing an action to recover damages for personal injuries, a demurrer to the declaration having been sustained, and the plaintiff having elected not to amend.                              *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an action to recover damages for personal injuries, brought by Anna Connor against the Washington Railway & Electric Company. The substantial part of the declaration is that, while one of the cars of the defendant was standing motionless at or about the intersection of Columbia road and Ontario road, northwest, in the city of Washington, for the purpose of receiving passengers, the plaintiff being then and there at that time present, and desiring to become a passenger thereon, proceeded with due and proper care to mount said car as a passenger thereon. The premises considered, it thereby became and was, and continued to be, the duty of the defendant, its servants and agents, who then and there well knew the premises as stated, or with the exercise of due care should have known it, to have permitted and allowed the plaintiff to have safely and completely mounted the said car, and fixed herself in a reasonably safe position therein, and not to have allowed the said car to have been put in motion until the plaintiff had become so completely and safely mounted and fixed therein in a place of reasonable safety thereon; nevertheless the plaintiff avers the defendant, its servants and agents, on, to wit, the day. aforesaid, at the place aforesaid, while the plaintiff was in the act of mounting the said car, being then on the rear platform thereof and proceeding or about to proceed therein with due and proper care to

fix herself in a reasonably safe position, all of which the defendant, its servants and agents, then and there well knew, or with the exercise of due and proper care should have known, did wrongfully and negligently cause or allow the said car to be put in motion suddenly, without any warning whatever to the plaintiff, thereby causing her to be thrown with great force and violence to and against some part of the structure of the said car or machinery thereof, thereby causing divers bruises and contusions to be inflicted upon her body, particularly upon her back, head, and hip, causing her to become sick and disordered permanently, causing her to become permanently lame in her back, spine, and hip, and further causing her nervous system to become seriously and permanently impaired, all of which injuries have ever been, and will ever continue to be, attended with suffering upon the part of the plaintiff of great physical pain and mental distress, to the damage of the plaintiff in the sum of $10,000.

Defendant demurred to the said declaration on the following grounds:

First, that the declaration filed herein does not state a cause of action.

Second, that the declaration filed herein does not allege actionable negligence on the part of the defendant.

Third, that there was no duty or obligation imposed upon the defendant, under the allegations of the declaration filed herein, not to start the car upon which the plaintiff was a passenger while she was on the platform, as alleged.

Fourth, that no duty or obligation was imposed upon the defendant to keep the car at a standstill until the plaintiff had left the platform, under the allegations of the declaration filed herein.

Fifth, that the declaration filed herein fails to charge negligence upon the part of the defendant.

The court sustained the said demurrer, and the plaintiff declaring that she did not care to amend her declaration, the same was dismissed with costs. Therefrom this appeal has been taken.

*Mr. W. Gwynn Gardiner* and *Mr. L. L. Hamby,* for the appellant:

1. The declaration states a cause of action. *Railroad Co.* v. *Klein,* 8 App. D. C. 75; 3 Thomp. Neg. § 3515; *Dochterman* v. *Railway Co.* 52 N. Y. Supp. 1051, 164 N. Y. 586; *Dougherty* v. *Missouri P. R. Co.* 9 Mo. App. 478, S. C. 81 Mo. 325; *Benjamin* v. *Metropolitan Street R. Co.* 245 Mo. 598.

2. Appellee contends that it is necessary to start a car suddenly in order to start it. The declaration states that the defendant did wrongfully and negligently cause or allow or permit the said car to be put in motion suddenly. This allegation is like the allegation that was before the court in the case of *Metropolitan R. Co.* v. *Jones,* 1 App. D. C. 200.

3. A general allegation of negligence without stating the particular acts which constitute the negligence is good against a general demurrer. *Rwy. Co.* v. *Washington,* 49 Fed. 347; *Terre Haute, I. & E. Traction Co.* v. *Marberry,* 100 N. E. 401; *Hains* v. *Parkersburg R. Co.* 76 S. E. 843; *Coombs* v. *Rice,* 59 So. 958; *Wyler* v. *Ratican,* 150 Mo. App. 474; *Hicks* v. *Serano,* 133 N. Y. Supp. 1102; *Indianapolis Traction Co.* v. *Newly,* 45 Ind. App. 540; *Rathburn* v. *White,* 107 Pac. 309; *Stephenson* v. *S. P.,* 102 Cal. 143; *Dieter* v. *Tharen,* 81 Mo. App. 612; *A. C. L.* v. *Beasley,* 45 So. 761; *S. A. L.* v. *Rentz,* 54 So. 13; *Jacksonville Electric Co.* v. *Schmetzerk,* 43 So. 85; 14 Enc. Pl. & Pr. 333; 29 Cyc. 570. See also *Louisville & N. R. Co.* v. *Wolfe,* 80 Ky. 82; *Hill* v. *Northern P. R. Co.* 49 Mo. App. 520; *Kennedy* v. *Hankin,* 102 Pac. 733; *McLeod* v. *R. Co.* 117 Pac. 749; *Jones* v. *Great Northern R. Co.* 97 N. W. 535; *Brailey* v. *R. Co.* 66 W. Va. 465.

*Mr. Geo. P. Hoover* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

The assignments of error are:

First, the court erred in holding that the declaration did not allege any actionable negligence on the part of the defendant.

Second, the court erred in holding that it is not negligence for the defendant, or its servants and agents, as alleged in the declaration, to wrongfully and negligently cause, allow, or permit the cars to be put in motion suddenly, without any warning whatever to the plaintiff, while she was with their knowledge upon the platform thereof, and in the act of proceeding or about to proceed to fix herself in a reasonably safe position.

It appears from the declaration that plaintiff had safely mounted the car platform, and was about to enter the door to obtain, as alleged, a place of safety. It is a matter of common knowledge that the conductor gives the signal to the motorman to start the car by ringing a bell. It is not the practice, nor is it his duty, to give each passenger personal notice that he is about to start the car. Nor is it his duty to see that passengers are seated before giving the signal to start. *Sauvan* v. *Citizens' Electric Street R. Co.* 197 Mass. 176, 177, 83 N. E. 405; *Saunders* v. *Boston Elev. R. Co.* 216 Mass. 355, 103 N. E. 779; *Martin* v. *Boston Elev. R. Co.* 216 Mass. 361, 103 N. E. 828; *Ottinger* v. *Detroit United R. Co.* 166 Mich. 106, 107, 34 L.R. A. (N.S.) 225, 131 N. W. 528, Ann. Cas. 1912D, 578, 3 N. C. C. A. 323; *Benoit* v. *Boston & N. Street R. Co.* 216 Mass. 320, 103 N. E. 830; *Sharp* v. *New Orleans City R. Co.* 111 La. 395, 396, 100 Am. St. Rep. 488, 35 So. 614; *Herbich* v. *North Jersey Street R. Co.* 65 N. J. L. 381, 47 Atl. 427, 12 Am. Neg. Rep. 334; *Boston Elev. R. Co.* v. *Smith,* 23 L.R.A.(N.S.) 890, 94 C. C. A. 84, 168 Fed. 628.

If the plaintiff had alleged that the car was started while she was on the step and before safely reaching the platform; or had she alleged facts showing a condition that entitled her to unusual care or protection, the case would have been different. She did not fall from the step or platform. *Metropolitan R. Co.* v. *Jones,* 1 App. D. C. 200, 2 Am. Neg. Cas. 334; *Anacostia & P. R. Co.* v. *Klein,* 8 App. D. C. 75; *Samuels* v. *Louisville Street R. Co.* 151 Ky. 90, 151 S. W. 37.

It was not negligence to start the car suddenly. All starts are made suddenly after the starting bell has been sounded. It is well understood by passengers accustomed to ride on electric

cars that they start with a more or less sudden movement, and passengers may be said to assume that risk. Had the car been started with an unusally violent jerk or jolt the plaintiff could, under leave of the court, have amended her declaration and so alleged. She failed to avail herself of the right.

It is a well-known fact that passengers stand inside the cars and on the platforms while the cars are in motion; and that this is not usually attended with danger. Unless, therefore, an injury results from some unusual jerk or swaying of the car, due to some act of negligence in its control, there can be no recovery. *Capital Traction Co.* v. *Brown,* 29 App. D. C. 475, 12 L.R.A. (N.S.) 831, 10 Ann. Cas. 813.

We are of the opinion that the court did not err in sustaining the demurrer and dismissing the action after plaintiff had declined to amend, and the judgment is affirmed with costs.

*Affirmed.*