JENNIE GOLLIS *vs.* EASTERN MASSACHUSETTS STREET
RAILWAY COMPANY.

Bristol.    October 26, 1925. — December 1, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence*, Street railway.

Upon evidence tending merely to show that an electric street car started
with an "awful jerk," a finding is not warranted that the car was
started in a negligent manner.

The mere facts, that, after a passenger in a street car gave a signal to the
operator to stop, by pushing one of the buttons installed for such pur-
pose, the car came to a standstill at a regular stopping place and the
operator opened the door, when the passenger arose from her seat and,
leading her four year old son by one hand and placing the other on the
backs of the seats, walked toward the door; that, after some one had
alighted and while the passenger was four feet from the door, the car
started with an "awful jerk" and the plaintiff fell and was injured, will
not warrant a finding that the starting of the car was negligent.

TORT for personal injuries received when the plaintiff
was a passenger on a street car of the defendant and was
thrown down by its sudden starting.    Writ dated September
8, 1921.

In the Superior Court, the action was tried before *Lourie*, J.
Material evidence is described in the opinion.    At the close
of the evidence, the judge denied a motion by the defendant
for a verdict in its favor.    The jury found for the plaintiff
in the sum of $3,700, the judge reserving leave, with the
consent of the jury, to enter a verdict for the defendant.
Later he entered a verdict for the defendant and reported
the action to this court for determination, with the stipulation
that if, "under the circumstances, there was no evidence to
warrant a finding for the plaintiff, then judgment is to be
entered for the defendant.    If, however, there was evidence
to warrant a verdict by the jury, then judgment is to be for
the plaintiff in the sum of $3,700 and interest from April
9, 1925."

*A. E. Seagrave*, for the defendant.

*D. R. Radovsky*, for the plaintiff.

CARROLL, J.  The plaintiff was a passenger on what is known as a one man car.  She sat midway in the car.  As she approached her destination, she signalled the operator to stop, by pushing one of the buttons installed for such purpose.  The car came to a standstill at the regular stopping place and the operator opened the door.  The plaintiff testified that when the car stopped, she arose from her seat and walked toward the open door "leading her four year old son . . . by one hand, and placing the other hand on the back of the seats . . . . I walked towards the door, and while I was walking somebody got off the car, but I didn't notice who it was."  The operator, without looking around, closed the door and started the car while the plaintiff was moving toward the door and about four feet from it.  She was thrown to the floor.  There was testimony from one passenger that "the car in starting gave an awful jerk; that the car is built that way; that the jerk was not the fault of the motorman; that every time this car stopped and started it gave an awful .jerk."  The case is in this court on the report by the presiding judge.

The defendant cannot be held liable because the car started with an "awful jerk."  It has been decided in many cases that the starting of a car with a "jerk" is not evidence of negligence.  The fact that the "jerk" was "awful," as stated by the witness, adds nothing to the description. *Martin* v. *Boston Elevated Railway*, 216 Mass. 361.  *Anderson* v. *Boston Elevated Railway*, 220 Mass. 28, and cases cited.

The plaintiff was in the body of the car when it started.  Under ordinary circumstances it is not an act of negligence for the conductor of a street car to give the starting signal after the passenger is fully and fairly within the car, although the car is started before the passenger is seated.  *Flanagan* v. *Boston Elevated Railway*, 216 Mass. 337.  The acceleration of the speed of a car while it is in motion is not negligence. *O'Neill* v. *Boston Elevated Railway*, 248 Mass. 362.  The same principle is applicable if a car is started when a passenger is in the act of leaving it, if at the time he is within the body of the car.  The starting or stopping of a street car is one of the incidents of travel, and in the circumstances shown

in the case at bar there was no negligence of the defendant or of its agents. *Anderson* v. *Boston Elevated Railway, supra.* The rule established in *Flanagan* v. *Boston Elevated Railway, supra,* and in *Martin* v. *Boston Elevated Railway, supra,* is applicable to the case at bar.

In *Davey* v. *Greenfield & Turner's Falls Street Railway,* 177 Mass. 106, the plaintiff was not fairly in the car, she was in the act of boarding it when it started. In *Nichols* v. *Lynn & Boston Railroad,* 168 Mass. 528, the plaintiff was in the act of stepping from the platform to the ground when the car started; see also *James* v. *Boston Elevated Railway,* 213 Mass. 424, where the plaintiff was on the platform when the car started. These cases are not applicable. The plaintiff was not upon the step or platform, in the act of alighting, she was in the car, in a place of comparative safety. The starting of the car in the manner described by the witness is not a negligent act, although the plaintiff gave the signal to stop at a certain point and she intended to alight there. In the opinion of a majority of the court there was no evidence to warrant a finding for the plaintiff. Judgment is to be entered for the defendant.

*So ordered.*