MARGARET F. WALSH *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    March 8, 1926. — May 26, 1926.

Present: .BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence,* Street railway: sudden stopping of car.    *Evidence,* Presumptions and burden of proof.

At the trial of an action by a woman against a street railway company for personal injuries received when she was a passenger on a car of the defendant, there was evidence that the conductor of the car had undertaken to stop it at the woman's stopping place; that when she arose to leave the car it was going very fast and gave no indication of stopping; that she looked at the conductor; that as he pulled the bell the car was passing her stopping place; that the car stopped suddenly, she was shaken up, lost her balance, and was thrown forward some three feet against the stand of the cash box at the forward end of the car, and then fell backward; that the conductor was thrown back against the end of the car; that "the car seemed all juggling up"; that "the floor was all shook up and it threw me off my feet"; that it seemed to her as if the motorman was trying to avoid an accident and stopped so suddenly that it seemed as if the shock went right through her.    *Held,* that the evidence and characterizations by the plaintiff did not warrant a finding of negligence in the manner in which the car was stopped.

TORT for personal injuries received when a street car of the defendant on which the plaintiff was a passenger was stopped with what the plaintiff alleged to be negligent abruptness.    Writ dated April 21, 1924.

In the Superior Court, the action was tried before McLaughlin, J.    Material evidence is described in the opinion.

At the close of the plaintiff's evidence, the judge ordered the jury to return a verdict for the defendant and reported the action to this court, the parties agreeing that, if the ordering of the verdict was wrong, judgment should be entered for the plaintiff in the sum of $400, and that otherwise judgment should be entered for the defendant on the verdict.

*L. Withington,* for the plaintiff.

*F. J. Carney,* (*J. A. Canavan* with him,) for the defendant.

WAIT, J. The plaintiff properly admits that ordinary jerks or lurches in the stopping or starting of an electric street car do not constitute negligence in handling the car, and do not subject the operating company to liability, even though damage to a passenger results. *McGann* v. *Boston Elevated Railway,* 199 Mass. 446. She contends, however, that in this case there is evidence of something more than an ordinary jerk or lurch. The conductor had undertaken to stop the car at her stopping place. When she got up to leave the car it was going very fast and gave no indication of stopping where she had requested. She looked at the conductor. As he pulled the bell the car was passing her stopping place. She was shaken up, she lost her balance, and was thrown forward some three feet against the stand of the cash box at the forward end of the car, and then fell backward. The conductor at the end of the car was thrown back against the end as she was falling back. In all this there is nothing to show negligence in stopping the car. Ordinary experience shows that a stop under such circumstances will be hasty and some shaking inevitable. Her characterizations of the circumstances do not show unusual incidents. That "the car seemed all juggling up"; that "the floor was all shook up and it threw me off my feet"; that it seemed to her as if the motorman was trying to avoid an accident and stopped so suddenly that it seemed as if the shock went right through her, do not amount to more than similar expressions in other cases which have been held insufficient as evidence of something beyond an ordinary jerk or lurch in the car's progress. *Craig* v. *Boston Elevated Railway,* 207 Mass. 548. *Anderson* v. *Boston Elevated Railway,* 220 Mass. 28. *Stevens* v. *Boston*

*Elevated Railway,* 199 Mass. 471, 475.   *Convery* v. *Eastern Massachusetts Street Railway,* 252 Mass. 418, 420.

The case is governed by decisions like *Anderson* v. *Boston Elevated Railway, supra,* rather than by those like *Griffin* v. *Springfield Street Railway,* 219 Mass. 55.

The verdict for the defendant was ordered rightly.   The order must be

*Judgment on the verdict.*