MARY A. WARREN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 11, 1927. — April 6, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Street railway: passenger.

Although the ordinary jolts and jerks of a street car in starting or stopping or in going around curves or over switches are among the usual incidents of travel in such cars, and for injuries resulting from such incidents a

street railway company is not liable, where evidence at the trial of an action by a woman against the street railway company is that the plaintiff was a strong, active woman; that just before a sudden stop of a car, upon which she was, she had a firm hold of an iron railing around the fare box at the rear of the car; that before the car stopped it was "going pretty fast," and that when it stopped her hold was broken and she was thrown five or six feet to the floor of the car with sufficient force to break one of her bones, a verdict for the plaintiff is warranted.

TORT for personal injuries.    Writ dated April 15, 1926.

In the Superior Court, the action was tried before *Hall*, C.J.    Material evidence is described in the opinion. The chief justice denied a motion by the defendant at the close of the evidence that a verdict be entered in its favor. There was a verdict for the plaintiff in the sum of $4,000. The defendant alleged exceptions.

*J. T. Hughes*, (*H. L. Barrett* with him,) for the defendant.

*G. L. O'Hara*, for the plaintiff.

CARROLL, J.    This is an action of tort to recover for personal injuries sustained by the plaintiff as the result of alleged negligence of the defendant in bringing the street car on which she was a passenger to a sudden stop.

The plaintiff testified that she was a passenger on a surface car of the high studded type with two doors at each end; that inside the car on both sides was a long seat at each end, with cross seats on each side between; that she sat on the long seat at the end on the right hand side; that the car stopped at School Street and the next stop was Sullivan Street, where she intended to alight; that as the car approached Salem Street, about one hundred and fifty feet from Sullivan Street, she stood up and motioned the conductor to stop and she thought he rang the bell; that as the car went by Salem Street it "was going pretty fast, but she could not say just how fast"; that she walked to the rear of the car and took hold of the railing, which consisted of a square of iron piping around the fare box, and gripped it as tight as she could, "with a firm hold, her thumb underneath and her four fingers over the bar"; that when the car stopped at Sullivan Street there was a "kind of creaking, grinding noise at first, and then a short stop and a kind of rumbling noise," and she was thrown away from the railing; that she tried to grasp it

again but could not, and tried to save herself by holding onto a man seated in the long seat, but failed in this "and . . . went beyond him . . . to the end of the long seat, falling on her right knee on the floor"; that her right hip struck the back of the first cross seat from the rear and her knee struck the floor five or six feet from the fare box, and she sustained a fracture of the base of the neck of the right femur. There was evidence from another passenger that the car as it came near to Sullivan Street "was going pretty fast, and then it stopped; but, when it stopped, it gave such a jolt that it threw me . . . 'it was going along quite fast, and then it seemed just as it came to Sullivan Street it stopped dead, and then, when it stopped dead, it stopped so quick that it threw me, stopped with such a jolt that it threw me kind of forward'; that there was an awful rumbling sound when it did stop"; that her elbow "came in contact with the wood-work on the side of the long bench . . . that her grip . . . on the upright bar was loosened."

The ordinary jolts and jerks of a street car in starting or stopping or in going around curves or over switches are among the usual incidents of travel in such cars, and for injuries resulting from such incidents a street railway company is not liable. *Work* v. *Boston Elevated Railway*, 207 Mass. 447, 448. *Walsh* v. *Boston Elevated Railway*, 256 Mass. 17, and cases cited. The sudden stopping of a street car is not of itself evidence of negligence, but a car may be stopped so suddenly as to furnish evidence of negligence in its management. No general rule can be laid down. Each case must be dealt with as it arises. *Work* v. *Boston Elevated Railway*, *supra*. In *Convery* v. *Eastern Massachusetts Street Railway*, 252 Mass. 418, the plaintiff was walking in the aisle of the car, it started with such violence that she was thrown a distance of six feet with sufficient force to break her leg; it was held that the defendant's negligence was a question for the jury to decide. In *McCarthy* v. *Boston Elevated Railway*, 207 Mass. 551, 552, the plaintiff had a "firm hold" of the handles of the seat where she was standing when the car stopped; it was held she could recover. In *Work* v. *Boston Elevated Railway*, *supra*, the passenger

held the strap, and the jury could have found that this hold was enough to protect him from the ordinary jerks of the car; it was held there was evidence of the negligence of the motorman in starting the car. *Black* v. *Boston Elevated Railway*, 206 Mass. 80, 81, is governed by the same principle. The plaintiff had a firm hold of the strap and as the car stopped, the strap was wrenched from her hand. This evidence it was said "showed that the stop here in question was not of the kind incident to travel on an electric car." *Young* v. *Boston & Northern Street Railway*, 213 Mass. 267. *Rust* v. *Springfield Street Railway*, 217 Mass. 116.

In the case at bar the car was approaching a stopping place. The plaintiff prior to the accident was a strong, active woman. She had a firm hold on the iron railing. The car stopped "dead . . . with such a jolt that it threw" another passenger forward and threw the plaintiff five or six feet onto the floor of the car with sufficient force to break one of her bones. The case is governed by the decisions quoted. It is not governed by *Walsh* v. *Boston Elevated Railway, supra.* A jury could find that stopping a car in such manner as to break the plaintiff's hold on the railing and throw her five or six feet was evidence of negligence.

*Exceptions overruled.*