[No. 23311. Department Two. December 4, 1931.]

BARBARA WADE, *a minor, by her Guardian Ad Litem, C. W. Wade, Appellant,* v. NORTH COAST TRANSPORTATION COMPANY, *Respondent.*[1]

*Longfellow & Fitzpatrick,* for appellant.

*Bogle, Bogle & Gates* and *Sidney A. Moss,* for respondent.

MAIN, J.—This action was brought by the plaintiff, a child three or four years old, by her guardian ad litem, to recover damages for personal injuries. The cause was tried to the court and a jury, and resulted in a verdict against the defendant in the sum of five hundred dollars. A motion for judgment notwithstanding the verdict was made and sustained, and from

[1]Reported in 5 P. (2d) 985.

the judgment dismissing the action the plaintiff appeals.

The facts are these: The accident out of which the litigation arose happened at the intersection of Corson avenue and East Marginal way, in the city of Seattle. Corson avenue extends north and south, and East Marginal way approximately northwest and southeast. On either side of Corson avenue there is a strip of pavement fifteen feet wide, and between the two strips of pavement there are eight feet of gravel. On either side of East Marginal way there is pavement of the width of about twenty feet, and between the two strips of pavement there are double street car tracks, and that portion of the street is not paved.

The respondent, North Coast Transportation Company, is a corporation, and is engaged in the business of operating automobile busses for hire. The appellant, with her mother, was a passenger on one of the respondent's busses which was proceeding in a northwesterly direction on East Marginal way and turned to the right into Corson avenue. As it did so, the left wheels of the bus passed over the gravel strip, and an overnight suit case, which had been placed in a hat or parcel rack near the top of the bus, fell and struck the plaintiff on the forehead and nose, and it is for these injuries that recovery is sought.

The bus was approximately 30½ feet long and 7½ feet wide, and had a seating capacity for twenty-one passengers. At the time of the accident, all of the seats were taken, and there was one passenger standing in the aisle.

As to the manner in which the bus made this turn, the witness called by the appellant testified in effect as follows: That it was going "quite fast;" that it lurched and threw the passenger standing in the aisle "over onto my mother [who was seated nearby]," and

the suit case was thrown from the rack. There was testimony that, as the bus made the turn and came back on the pavement on the east side of Corson avenue, there was a sudden "lurch and jerk", and the passengers swayed in their seats. One witness testified:

"Q. Did you feel the manner in which he was turning into that street? Did you notice it? A. It was impossible for me to stay in the seat; I was not thrown out of the seat. Q. What did it do to you? A. Oh, just sort of—I sort of left the seat."

There was other evidence that the "bus driver was going faster than he should be."

■ The first question is whether the evidence as to the speed, lurch or jerk, and the swaying of the passengers was sufficient to take the case to the jury. The general rule is that, when the injury and the circumstances attending it are so unusual and of such a nature that it could not well have happened without the operator of the vehicle being negligent, there arises a presumption of negligence. In *Allen v. Northern Pac. R. Co.*, 35 Wash. 221, 77 Pac. 204, 66 L. R. A. 804, quoting with approval from 4 Elliott on Railroads, § 1644, it was said:

"The true rule would seem to be that when the injury and circumstances attending it are so unusual and of such a nature that it could not well have happened without the company being negligent, or when it is caused by something connected with the equipment or operation of the road, over which the company has entire control, without contributory negligence on the part of the passenger, a presumption of negligence on the part of the company usually arises from proof of such facts, in the absence of anything to the contrary, and the burden is then cast upon the company to show that its negligence did not cause the injury."

In order to establish liability, there must be evidence of what appeared to take place as physical facts from

which it can be inferred that the operator of the vehicle was negligent, or evidence capable of conveying to the ordinary mind a definite conception of some conduct on the part of those in charge of the car, outside of that of ordinary experience, on which a finding of negligence could rest. *Work v. Boston Elevated Railway,* 207 Mass. 447, 93 N. E. 693; *Convery v. Eastern Mass. Street Railway Co.,* 252 Mass. 418, 147 N. E. 824; *Warren v. Boston Elevated Railway,* 259 Mass. 226, 155 N. E. 871.

For the ordinary jolts and jerks incident to transportation in rounding curves, there is no liability; and to say that a vehicle is going very fast or faster than it should go, is not evidence of excessive speed. In *Seidenberg v. Eastern Massachusetts St. Ry. Co.,* 266 Mass. 540, 165 N. E. 658, it is said:

"It is too well settled for discussion or for repetition of the reasons that mere jerks and jolts in starting an electric car, however vituperatively described, do not constitute negligence. *Work v. Boston Elevated Railway,* 207 Mass. 447 [93 N. E. 693], and cases there reviewed. *Saunders v. Boston Elevated Railway,* 216 Mass. 355 [103 N. E. 779]. *Anderson v. Boston Elevated Railway,* 220 Mass. 28 [107 N. E. 376]. *Gollis v. Eastern Massachusetts Street Railway,* 254 Mass. 157, [149 N. E. 607]. *Binder v. Boston Elevated Railway,* 265 Mass. 589 [164 N. E. 441]. The graphic gesticulations of the witnesses, designed to indicate how the plaintiff fell, amounted to no more than a portrayal in words and fall within the authority of the cases just cited.

"The circumstance that a passenger walking or standing within the car may fall, unaccompanied by some further physical facts showing violence in the operation of the car, is insufficient to establish negligence. *McGann v. Boston Elevated Railway,* 199 Mass. 446 [85 N. E. 570, 18 L. R. A. (N. S.) 506, 127 Am. St. Rep. 509]. *Walsh v. Boston Elevated Railway,* 256 Mass. 17 [152 N. E. 64], and cases there collected.

*Chandler v. Boston Elevated Railway*, 261 Mass. 230 [158 N. E. 669]. While the question whether there is negligence is often one of degree and each case depends upon its own facts, the case at bar falls within the general rule and is distinguishable from cases like *Convery v. Eastern Massachusetts Street Railway*, 252 Mass. 418 [147 N. E. 824], *Warren v. Boston Elevated Railway*, 259 Mass. 226 [155 N. E. 871], and *Weiner v. Boston Elevated Railway*, 262 Mass. 539 [160 N. E. 259], where there was evidence capable of conveying to the ordinary mind a definite conception of some conduct on the part of those in charge of the car outside that of ordinary experience on which a finding of negligence could rest. See *Foley v. Boston & Maine Railroad*, 193 Mass. 332, 335 [79 N. E. 765, 7 L. R. A. (N. S.) 1076]. No firm hold of the plaintiff on a strap or other part of the car was broken and she was not thrown a considerable distance or with peculiar force."

The cases of *Diamond v. Weyerhaeuser*, 178 Cal. 540, 174 Pac. 38, *Stevens v. Boston Elevated Ry. Co.*, 199 Mass. 471, 85 N. E. 571, and many others that might be cited, are to the same effect. It has repeatedly been held by the courts that evidence that the vehicle jerked or lurched, was going very fast and the passengers swayed as it made a turn, is not sufficient to sustain a recovery on the ground of negligence.

This case falls clearly within the rule of those cases which hold that there is no liability resulting from something which is an incident of the means of travel. We see no reason why the same rule of liability should not be applied to an automobile bus which is engaged in the carrying of passengers for hire, as is applied to other means of conveyance.

The next question is whether there was a *prima facie* showing of negligence by reason of the fact that the left wheels of the bus passed over the gravelled portion of the street between the two strips of pavement on Corson avenue. Rem. 1927 Sup., § 6362-41,

subd. 8, provides that it shall be unlawful to operate or drive any vehicle or combination of vehicles

". . . over or along any pavement or gravel or crushed rock surface on a public highway with one wheel or all of the wheels off of the pavement or gravel or crushed rock surface except for the purpose of stopping off the pavement or gravel or crushed rock surface."

The undisputed evidence in this case is to the effect that, in making the turn from East Marginal way into Corson avenue, with a bus the size of the one above described, it is necessary that the left wheels thereof pass onto the gravel strip before they reach the pavement on the south side of Corson avenue. If, as the evidence shows, this was a necessary incident in making the turn, and the wheels were only on the gravel to the extent that it was necessary for that purpose, it cannot be held that this was a violation of the statute.

The case of *Duggins v. International Motor Transit Co.*, 153 Wash. 549, 280 Pac. 50, is based upon entirely different facts from those which are present in the case now before us. There, the bus proceeded along the pavement for a distance of two hundred feet with two wheels thereof on the dirt shoulder, when there was no necessity of it having any of the wheels off of the pavement.

There being no evidence in this case from which the jury had a right to find negligence, and there being no facts supported by evidence from which negligence could reasonably be inferred, the trial court correctly granted the motion for judgment notwithstanding the verdict.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.